UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARNOLD BELL, | Civil No. 3:16-cv-1026 (JBA) |
| *Petitioner*, | |
| v. | June 27, 2019 |
| UNITED STATES OF AMERICA, | |
| *Respondent*. | |

**RULING ON MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

Arnold Bell, Petitioner, moves to vacate his sentence based on *Johnson v. United States*, 135 S. Ct. 2552 (2015), asserting that he is serving an illegal sentence premised upon 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA"). For the reasons set forth below, Petitioner's Motion is DENIED.

On February 26, 2004, Petitioner was convicted by a jury in the United States District Court for the District of Connecticut of unlawful possession of a firearm by a previously-convicted felon, in violation of 18 U.S.C § 922(g)(1) and ACCA.

According to Petitioner, without the ACCA enhancement, he would have been subject to a maximum term of imprisonment of 120 months under the statute of conviction, but because of the enhancement, the Presentence Report for his July 1, 2004 sentencing found that his guideline range was 262-327 months, based on a 1983 conviction for Robbery in the Third Degree, a 1985 conviction for Robbery in the First Degree, and a 1989 conviction for Possession of Narcotics with Intent to Sell. (2255 Mot. [Doc. # 1] ¶ 3.) The sentencing court (Hon. Alan H. Nevas, Ret.) imposed

a 540-month term, to run concurrently with prison terms imposed by a state court. (Criminal Judgment [Doc. # 1-1] at 1.)

In *Johnson*, the U.S. Supreme Court struck down ACCA's "residual clause," which partly defined those prior convictions that ACCA classified as "violent felonies." Violent felonies had included offenses that had "as an element the use, attempted use, or threated used of physical force against the person of another" (the "elements clause"); certain enumerated offenses; and those encompassed by the residual clause, *i.e.*, that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i) & (ii).

According to Petitioner, *Johnson*'s "striking of the residual clause as unconstitutionally vague renders [his] sentence as without sufficient basis to remain standing" because his "previous convictions for robbery do not categorically qualify as predicates" under the elements clause or the enumerated offenses, "as they do not require the use of 'physical force'" as defined by ACCA. (2255 Mot. ¶ 6.)

However, this year, the Second Circuit held that "the use or threat of even minimal force on another person in aid of the theft of that person's property, as required by [Connecticut General Statutes] § 53a–133, is inherently capable of causing pain or injury, with the consequence that any violation of § 53a–133 qualifies as an ACCA predicate." *Shabazz v. United States*, 912 F.3d 73, 78 (2d Cir. 2019).

Petitioner's 1983 conviction for Robbery in the Third Degree in violation of Conn. Gen. Stat. § 53a-136 and 1985 conviction for Robbery in the First Degree in violation of § 53a-134 both include, as an element, the commission of robbery as defined in § 53a-133. Accordingly, under *Shabazz*, both convictions qualify as ACCA predicates, and Petitioner's argument under *Johnson* is unavailing.

For the reasons set forth above, Petitioner's § 2255 Motion is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of June 2019.